**In the Matter of a Disbarred Member of the State Bar of Arizona, Bradford C. WOLTMAN, Attorney No. 006770, Respondent.**

No. SB–95–0007–D.

Comm. Nos. 92–0738, 92–1128, 92–1438, 92–1635, 93–0097, 93–0134, 93–0296, 93–0756, 93–0803, 93–0871, 93–1763.

Supreme Court of Arizona.

March 23, 1995.

Margaret H. Downie, Chief Bar Counsel, State Bar of Ariz.

**JUDGMENT AND ORDER**

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that **BRADFORD C. WOLTMAN,** a disbarred member of the State Bar of Arizona, is hereby disbarred for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that **BRADFORD C. WOLTMAN** shall comply with all applicable provisions of Rule 63, Rules of the Supreme Court of Arizona, and shall promptly inform this Court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **BRADFORD C. WOLTMAN** shall be assessed the costs of these proceedings in the amount of $1,687.00, together with interest at the legal rate from the date of this judgment.

EXHIBIT A

IN THE MATTER OF A DISBARRED MEMBER OF THE STATE BAR OF ARIZONA,
BRADFORD C. WOLTMAN,
Attorney No. 006770
Respondent.

Before the Disciplinary Commission
of the
SUPREME COURT OF ARIZONA

Comm. Nos. 92–0738, 92–1128, 92–1438, 92–1635, 93–0097, 93–0134, 93–0296, 93–0756, 93–0803, 93–0871, 93–1763

*DISCIPLINARY COMMISSION REPORT*

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on October 15, 1994, for review of the record on appeal, pursuant to Rule 53(d), Ariz. R.S.Ct. The Commission considered the Hearing Officer's recommendation of disbarment. No objections to the Hearing Officer's recommendation were filed.

*Decision*

The seven members of the Commission considering the matter[1] unanimously adopt the recommendation of the Hearing Officer that the respondent, Bradford C. Woltman ("Woltman"), be disbarred. The Commission also unanimously adopts the Hearing Officer's findings of fact and conclusions of law.

*Facts*

The complaint in this matter contains eleven counts alleging misconduct by Woltman. Woltman is charged with conversion of funds, failure to perform work for which he was retained, failure to return unearned fees, failure to provide clients with competent and

1. Commissioners Dodge and McGrath did not participate in these proceedings.

diligent representation, failure to maintain communication with clients and respond to their requests for information, and failure to return client files and property. The complaint also alleges that Woltman made misrepresentations to clients concerning the status of their cases, engaged in a conflict of interest with a client, failed to inform current and potential clients that he was on interim suspension, and failed to cooperate with the State Bar's investigations into virtually every one of these matters.

The Hearing Officer found that Woltman's conduct violated all of the ethical rules charged in the complaint, that is ER 1.1, ER 1.2, ER 1.3, ER 1.4, ER 1.5, ER 1.8, ER 1.15, ER 1.16, ER 3.2, ER 5.5, ER 8.1, ER 8.3, ER 8.4, and Supreme Court Rules 43, 44, 51, and 63(a).

### Procedural History

After Woltman was personally served with the formal complaint, he failed to participate in this matter. As he failed to respond to the formal complaint, the complaint was deemed admitted, pursuant to Rule 53(c)(1). Woltman was notified of his right to be heard in mitigation and, again, failed to respond. Woltman was notified of the opportunity to object to the Hearing Officer's report and to file a statement on review before the Commission. Woltman did not object to the Hearing Officer's report, did not file a statement on review, and did not request oral argument before the Commission.

### Discussion of Decision

The Commission agrees with the Hearing Officer that Woltman's conduct violated all of the ethical rules charged in the complaint.

The American Bar Association's *Standards for Imposing Lawyer Sanctions* are used by the Court in considering the appropriate sanction for a violation of the Rules of Professional Conduct. *In re Ockrassa*, 165 Ariz. 576, 799 P.2d 1350 (1990). In this matter, however, Woltman's conduct was so egregious and comprehensive that virtually every standard is applicable, rendering a violation-by-violation analysis superfluous. Further,

Woltman has already been disbarred, effective as of May 24, 1994, for conduct virtually identical to that at issue here.

The Standards include a list of factors to be considered that may justify an increase or decrease in the degree of discipline to be imposed. None of the mitigating factors listed in Standard 9.32 are present in this matter. Conversely, however, nearly every aggravating factor listed in Standard 9.22 is present. Woltman has prior disciplinary offenses, he had a dishonest or selfish motive, he has exhibited a pattern of misconduct with his multiple offenses, he has exhibited a bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with rules or orders of the disciplinary agency, and he is indifferent to making restitution.

The purpose of lawyer discipline is to protect the public and deter similar conduct by other lawyers. *In re Rivkind*, 164 Ariz. 154, 791 P.2d 1037 (1990). In light of the breadth and severity of Woltman's misconduct, the Commission believes nothing short of disbarment will achieve that goal. Woltman should not be practicing law. The Commission agrees with the Hearing Officer's recommendation that Woltman's disbarment continue.

RESPECTFULLY SUBMITTED this 12th day of December, 1994.

/s/ Mark D. Rubin
Mark D. Rubin, Chair
Disciplinary Commission